

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

CASE NO. 05-61655

DAVID SCHOTTENFELD, as Trustee of
THE AGELOFF EDUCATION IRREVOCABLE
TRUST,

    Plaintiff,

vs.

DAVID C. GLASSER

    Defendant.

CIV-MORENO

MAGISTRATE JUDGE
SIMONTON

## COMPLAINT

Plaintiff, DAVID SCHOTTENFELD, as Trustee of THE AGELOFF EDUCATION IRREVOCABLE TRUST, sues Defendant, DAVID C. GLASSER, and alleges as follows:

1. Plaintiff, DAVID SCHOTTENFELD, as Trustee of THE AGELOFF EDUCATION IRREVOCABLE TRUST is a resident of Broward County, Florida.

2. Defendant, DAVID C. GLASSER, is a resident of the State of California, however, Defendant executed a promissory note payable in Florida.

## JURISDICTION

3. This Court has jurisdiction of this action since this action arises under 28 U.S.C. sec.1332 (a)(1)(citizens of different

1



states and amount in controversy exceeds $75,000.00, not including interest, attorney's fees and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. sec.1391 (a) (where founded only upon diversity of citizenship only in a (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Although the promissory note which is the subject of this lawsuit is "subject to the laws of the State of California without giving effect to the principles of conflict of laws thereof", all payments under the promissory note were payable in Fort Lauderdale, Florida and all causes of action set forth in this Complaint arose from the failure to pay the promissory note.

5. The Plaintiff, DAVID SCHOTTENFELD, is trustee of the THE AGELOFF EDUCATION IRREVOCABLE TRUST, an irrevocable trust formed and existing under the laws of the State of Florida.

6. On September 18, 2002, the Defendant, DAVID C. GLASSER, executed a Promissory Note, a copy of which is attached hereto as Exhibit "A".

7. Plaintiff owns and holds the note.

6. Defendant failed to pay the note when due, to wit; September 18, 2004.

7. Defendant owe Plaintiff $1,500,000 that is due with interest since September 18, 2004, on the note.

8. Plaintiff is obligated to pay its attorneys a reasonable fee for their services.

2

WHEREFORE, Plaintiff demands judgment against Defendant for an amount in excess of $75,000.00 together with interest, attorneys' fees, and costs.

## FORECLOSURE OF CHATTEL MORTGAGE

Plaintiff realleges and reavers the allegations set forth in paragraphs 1 through 5, above.

9. This is an action to foreclose a security interest.

10. On September 18, 2002, the Defendant, DAVID C. GLASSER, executed a Promissory Note (the "Note"), a copy of which is attached hereto as Exhibit "A". The Note provided:

> "As further collateral and additional security for the payment of this Promissory Note, the promisor promises to pledge its 20% ownership interest in Splendid Pictures to ensure full payment of this Promissory Note."

The pledge shall henceforth be referred to as the "Security Agreement".

11. Pursuant to the terms of the security agreement, defendant was obligated to pay plaintiff $1,500,000 with interest on September 18, 2004 pursuant to the Note.

12. Defendant defaulted on the payment due on September 18, 2004, pursuant to the Note, in the amount of $1,500,000, together with interest as set forth in the Note.

13. Pursuant to the terms of the Note, defendant is liable to plaintiff for $1,500,000 on the debt, together with interest as set forth in the Note, as well as all costs for attorneys' fees and court costs.

14. Plaintiff is not in possession of Defendant's 20%

ownership interest in Splendid Pictures, however, section 9203, California Statutes provides that Plaintiff has a valid security interest so long as:

(a) Value has been given for the security interest; and

(b) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party.

(c) The debtor has authenticated a security agreement that provides a description of the collateral...

15. By virtue of the security agreement, Plaintiff is entitled to have the security agreement foreclosed, to have a sale directed, and to have the proceeds be applied to satisfy the debt owing to Plaintiff by Defendant.

16. Plaintiff is obligated to pay its attorneys a reasonable fee for their services.

WHEREFORE, Plaintiff demands an accounting of the sums due under the said Pledge and Note and that if the same are not paid within the time set by this Court, said property be sold to satisfy Plaintiff's claim including all principal, interest, escrow deficits, if any, costs and attorneys fees and all other claims heretofore pled by this Complaint, and that if the proceeds of the sale are insufficient to pay Plaintiff's claims, a deficiency decree be entered for the sum remaining unpaid against the Defendant liable therefor and that the right, title and interest and estate of the Defendant and all persons claiming by, through or under the Defendant since the filing of the Lis Pendens herein be foreclosed.

DATED: 10/5/2005

                                  LAW OFFICES OF
                                  WILLIAM. S. ISENBERG & ASSOCIATES
                                  Attorneys for Plaintiff
                                  1216 S.E. 1st Avenue
                                  Fort Lauderdale, Florida 33316
                                  (954) 523-8899 phone
                                  (954) 523-5162 fax

                                  _____
                                  WILLIAM S. ISENBERG
                                  FBN: 192762

## PROMISSORY NOTE

$1,500,000.00

Los Angeles, California
September 18, 2002

FOR VALUE RECEIVED, the undersigned, David Clayton Glasser, an individual residing at 24119 Lance Place, West Hills, CA 91307 ("Promisor"), hereby promises to pay to the order of The Ageloff Education Irrevocable Trust ("Promisee") the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00). All payments hereunder shall be made in lawful money of the United States of America to Promisee at The Law Offices Of Murphy, McFarlance, Magee, and Doran at 540 North East 8th Street, Ft. Lauderdale 33304, or at such other place or to such account as Promisee may designate from time to time.

The amount of this Promissory Note shall be due and payable upon the date, which is September 18, 2004 (24) months after the date hereof.

Promisor shall have the right to prepay this Promissory Note at any time in whole or in part without penalty or premium. Upon the occurrence of any of the following events Promisee may, in its discretion, accelerate and declare immediately due and payable the outstanding principal balance, and exercise such other rights and remedies as may be available to Promisee at law or in equity. Promisor (i) applies for or consents to, the appointment of a receiver, trustee, or liquidator of all or a substantial part of its assets, (ii) is adjudicated as bankrupt or insolvent, or files a voluntary petition in bankruptcy, or admits in writing its inability to pay its debts as they become due, (iii) makes a general assignment for the benefit of creditors, (iv) files a petition or answer seeking reorganization or rearrangement with creditors, or to take advantage of any insolvency law, or (v) files an answer admitting the material allegations of, or default in answering any, petition filed in any bankruptcy, reorganization, or insolvency proceeding.

Promisor hereby waives presentment, demand, protest, dishonor and, to the fullest extent permitted by law, all other notices of any kind.

No delay or omission on the part of Promisee in exercising any right or remedy hereunder shall operate as a waiver of such right or remedy or of any other right or remedy of Promisee, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion.

This Promissory Note shall be binding on Promisor and its successors and assigns. In the event it becomes necessary to institute collection proceedings to collect any sums in default hereunder, Promisor agrees to pay all reasonable legal fees incurred in connection with this Agreement. This Promissory Note is subject to the laws of the State of California without giving effect to the principles of conflict of laws thereof.

As further collateral and additional security for the payment of this Promissory Note, the promisor promises to pledge its 20% ownership interest in Splendid Pictures to ensure full payment of this Promissory Note.

IN WITNESS WHEREOF, Promisor has executed this Promissory Note as of the date first above written.

PROMISOR

_____
David C. Glasser
(PRINT): **DAVID C. GLASSER**

PROMISEE

_____
On Behalf of The Ageloff Education Irrevocable Trust.

"A"

PAGE 1 OF 5

David C. Glasser
c/o Syndicate Films International, LLC
10850 Wilshire Blvd - 6th Floor
Los Angeles, CA 90024

December 16, 2002

The Ageloff Education Irrevocable Trust
7520 N. W. 5th Street, Suite 203
Plantation, FL 33317
Attn: David Shottenfeld

RE: David Glasser and The Ageloff Education Irrevocable Trust

Gentlepersons:

The following shall constitute the agreement ("Agreement") between David Glasser ("Glasser") and The Ageloff Education Irrevocable Trust ("Trust").

1. In consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency is hereby acknowledged, Glasser hereby agrees to pay to Trust, a sum equal to Fifty Percent (50%) of the net revenue received by Glasser with respect to Glasser's Twenty Percent (20%) of the stock ("the Stock") in Syndicate Films International, LLC.

2. The amounts set forth in Paragraph 1 hereof shall be payable to Trust within 30 days after such receipt of such revenues by Glasser, accompanies by statements and other applicable evidence with respect to the amount of such revenues.

3. Each party hereto shall be responsible for its own respective tax obligations.

4. The parties acknowledge and agree that Trust shall have no ownership or control whatsoever with respect to the Stock.

5. The parties shall keep strictly confidential the existence of this Agreement and all of the terms and conditions of this Agreement; provided; however, that the parties may divulge the contents of this Agreement to the parties respective lawyers, accountants, and other business representatives upon condition that the parties secure said representatives agreement to keep the content of this Agreement confidential.

6. In the event Trust is in breach of the confidentiality provision as set forth in Paragraph 5 of this Agreement, Trust agrees that it shall be liable for liquidated damages in the amount of all revenue paid or payable to Trust under this Agreement. Such forfeiture is hereby deemed by the parties hereto to be a good

EXHIBIT "A"
PAGE 2 OF 5 PAGES

faith estimate of the damages which Glasser shall incur, which damages are otherwise difficult to ascertain, and the parties agree that such liquidated damages are not punitive in nature.

7. This Agreement shall be binding upon the heirs, executors, representatives, predecessors, successors, assigns, shareholders, members, managers, officers, and directors of each of the parties and shall inure to the benefit of them.

8. This Agreement shall be governed by the laws of the State of California applicable to agreements executed and to be wholly performed therein and shall not be modified except by a written document executed by both parties hereto. All disputes arising out of this Agreement shall be exclusively resolved and adjudicated in the Federal and State Courts of Los Angeles, California. Each of the parties hereby submits to the exclusive jurisdiction and venue of said courts and waives its rights to have disputes arising out of this Agreement adjudicated in any other forum.

Very Truly Yours,

David C. Glasser

ACCEPTED AND AGREED TO:

THE AGELOFF EDUCATION IRREVOCABLE TRUST

By: _____

Its: _____



**Splendid Pictures, Inc.**  **ORIGINAL**
2980 N. Beverly Glen Circle, Suite 300
Bel Air, CA 90077

As of January 12, 2002

Mr. Roy Ageloff
6724 Casa Grande Way
DelRay Beach, FL 33446.

Re: **SOLD SHORT**

Dear Roy:

The following shall consitute the agreement (the "Agreement") between Splendid Pictures, Inc. ("Company") and Roy Ageloff ("Producer") with respect to the production of a motion picture currently entitled SOLD SHORT (the "Picture") based on the original story (the "Story") by Producer.

1. **CONDITIONS PRECEDENT**: This Agreement and all of Company's obligations hereunder are expressly conditioned upon the following:

   a. Company's receipt and approval, in its sole discretion, of all chain-of-title documentation with respect to the Picture;

   b. Approval by Company of the screenplay, cast and a bondable budget (no less than 10 million and no more than 25 million);

   c. Company's receipt of fully executed copies of this Agreement and the assignment of all rights in and to the Story to Company as set forth in Exhibit A (attached hereto and made a part hereof); and

   d. Producer's completion to Company's satisfaction of the I-9 form and all documentation satisfactory to Company to demonstrate Producer's employment eligibility.

2. **DEVELOPMENT/PRODUCTION**: Subject to complete satisfaction of the Conditions Precedent, set forth above, Company agrees to finance and produce the Picture. In addition, Company agrees to provide not less than Five Hundred Thousand Dollars ($500,000) in development costs with respect to the Picture.

3. **PRODUCER SERVICES**: Company hereby engages Producer to supervise development of the Picture and render services as producer of the Picture and all services customarily rendered by producers of first-class feature-length theatrical motion pictures in the motion picture industry in accordance with the reasonable directions, requests, rules and regulations of Company in connection therewith. Producer's services shall be provided on an exclusive basis to Company commencing eight (8) weeks prior to commencement of principal photography through completion of principal

EXHIBIT "A"
4 OF 5 PAGES

**ORIGINAL**

photography and thereafter on a non-exclusive but first priority basis through delivery of the answer print.

4. **PRODUCING FEES/PURCHASE PRICE**: Provided that Producer shall fully perform all services required hereunder and that Producer is not in material default hereunder, subject to Company's rights of suspension and/or termination in the event of default, disability or force majeure, Company agrees to pay to Producer, as full and complete consideration for the services provided by Producer, the total sum of Five Hundred Thousand Dollars ($500,000), payable on a customary 20/60/10/10 basis; and for the purchase price of the Story, the total sum of Five Hundred Thousand Dollars ($500,000), payable on or before the commencement of principal photography.

5. **CONTINGENT COMPENSATION**: Provided that Producer is not in default hereof, and subject to Company's rights of suspension and/or termination in the event of default, disability or force majeure, Producer shall be entitled to Fifty Percent (50%) of Defined Net Proceeds derived from the Picture reducible by all third party participations (however defined). Defined Net Proceeds shall be defined in accordance with Company's standard definition.

6. **CREDIT**: Provided that Producer is not in material default hereunder, Producer shall receive Producer credit on screen in the main titles (whether such main titles are in the beginning or end of the Picture) and in paid advertising, subject to Company's customary exclusions; provided that with respect to such paid advertising, in the event that any producer with respect to the Picture receives credit, Producer shall receive credit, except for honorary, award, nomination or similar advertising. No casual or inadvertent failure to comply with the provisions of this Paragraph nor any failure by third parties to comply with the credit provisions shall constitute a breach of this Agreement by Company.

7. **OWNERSHIP/CONTROL**: Company shall be the sole and exclusive owner of the Picture and of all the results and proceeds of Producer's services hereunder under copyright and otherwise, such services being a "work made for hire" within the meaning of the Untied States Copyright Act. Company shall have approval over all creative and business matters with respect to the Picture.

8. **DELIVERY; LENGTH; RATING; COVER SHOTS**: Producer shall complete "Delivery" of the Picture to Company within a post production schedule approved by Company. "Delivery" shall be deemed to have occurred only upon Producer's delivery to Company of an answer print which conforms to all of Company's standard delivery requirements, including, without limitation the following requirements and in this regard time is of the essence:

   a.   Length: The Picture shall have a running time of not less than 90 minutes and not more than 120 minutes, shall be photographed on 35mm Eastman Kodak film, in color, with an aspect ratio of 1.85:1 and shall not be filmed with the use of a hard matte.

   b.   Budget: The Picture shall be produced and delivered in accordance with the budget approved by Company subject only to such changes in the budget as Company has approved. The parties agree that there shall be no overhead charges or any other charges in the budget which are payable to Producer except for the fees and other compensation set forth herein.

2

EXHIBIT "A"

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DAVID SCHOTTENFELD, as Trustee of the AGELOFF EDUCATION IRREVOCABLE TRUST

**DEFENDANTS**
DAVID C. GLASS  05-61655

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  California
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Broward 05-61655 CIV-MORENO
MAGISTRATE JUDGE SIMONTON

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
WILLIAM S. ISENBERG, ESQ. 954-523-8899
1216 S.E. 1st Ave., Ft. Lauderdale, FL 33316

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | A☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | A☐ 791 Empl. Ret. Inc. Security Act | | |
| | | B☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendant failed to pay promissory note
28 USC s.1332(a)(1)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ 1,500,000  CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE 10/14/05   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT $250.00 APPLYING IFP 929281 JUDGE _____ MAG. JUDGE _____
10/14/05